Chief Justice Robertson
delivered the opinion of the court.
This was a motion against a sheriff and his sureties, for a failure, by the deputy sheriff to return a fieri facias within a month succeeding the return day; for which the circuit court rendered judgment, for the amount of the execution, and thirty per cent, penalty. Three objections are urged to the judgment; all of which are insufficient.
1st. That the notice is not sufficiently precise and full. The only objection to the notice is, that it does not aver that the principal defendant was sheriff, or that the deputy was his deputy, when the execution was delivered. Such an averment was not necessa-*. ry; proof of the fact on the trial was- sufficient. It was not necessary to notify the parties, that one of them was sheriff, and that the others- were his sureties. But if it had been, the notice did, in effect, state that fact.
2d. That, as to the sureties, the statute authorizing judgment without a jury, is unconstitutional. The validity of the statute has been hitherto sustained, sub silentio, by this court; and we perceive no sufficient reason for now disturbing, what we consider to be settled law. We shall only suggest that, that trial would be at least anomalous, in which the principal defendant must be tried by the court, and his sureties must be tried by a jury. But it does not appear, that a jury was demanded or desired in this case;and therefore, the sureties, if they had been entitléd to a jury, cannot complain of having been'deprived of a constitutional privilege.
Tompkins, for plaintiffs; Monroe, for defendants*.
3d. That, as the proceeding against the sureties', must be joint, judgment cannot be rendered against a less number than all who are bound.
The notice must be against all; but by death, or otherwise, it may abate as to one or more.
Wherefore, as the record does not shew what evidence was produced on the trial, this court cannot decide that there is any error in the judgment of the? circuit court. Judgment affirmed.